UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                              :
                                                                    :          Chapter 11
WANG LEE, INC.,                                                     :
                                                                    :          Case No. 22-11363 (MEW)
                    Debtor.                                         :
------------------------------------------------------------x

### DECISION AND ORDER REGARDING POST-PETITION RENT OBLIGATIONS

Debtor Wang Lee, Inc. ("Wang Lee") owns and operates a restaurant that leases space at 311 East 45th Street in Manhattan. On December 28, 2022, the landlord, Turtle Bay L.L.C. ("Turtle Bay"), filed a motion seeking relief from the automatic stay. [ECF No. 14.] Turtle Bay argued, among other things, that Wang Lee was not making timely post-petition rent payments as required by section 365(d)(3) of the Bankruptcy Code. Wang Lee filed papers in which it challenged Turtle Bay's standing to seek relief. [ECF No. 19.] In addition, at a hearing on January 25, 2023 Wang Lee's counsel contended that the parties had agreed to reduce the rents due under the Lease to $4,000 per month, and that the Wang Lee had paid that amount. Turtle Bay denied that it had agreed to any modification of the rents that were payable, and the Court scheduled an evidentiary hearing for February 16, 2023 to resolve the parties' dispute. The Court also directed the parties to make further submissions in support of their respective positions by February 13, 2023.

Wang Lee has not further pursued its standing objection. The Court notes that the lease to which Wang Lee and Turtle Bay are parties (the "Lease") makes clear that Turtle Bay is a sublessor of the premises. *See* Lease, at § 1.23. In that capacity, Turtle Bay is identified as the "landlord" vis-à-vis Wang Lee. *Id*. at p. 1. Accordingly, Turtle Bay plainly has standing to seek relief and to enforce the landlord's rights under the Lease.

At the February 16, 2023 hearing, counsel to Wang Lee acknowledged that Wang Lee had no evidence of any written or oral agreement to modify the Lease, or of any discussions of such a modification. Wang Lee's sole evidence was its contention that it had actually made rent payments of $4,000 per month for many months and that Turtle Bay allegedly had not protested the reduced payments. Wang Lee's counsel further acknowledged and agreed, however, that section 17.6 of the Lease explicitly states that "[n]o payment by [Wang Lee] or receipt by Landlord of a lesser amount than the Rent shall be considered other than on account of the next installment of the Rent, or as Landlord may elect to apply same." *Id*. § 17.6. He also acknowledged that section 23.4 of the Lease states explicitly that the terms of the Lease cannot be modified except in a writing signed by both the landlord and tenant. *Id*. § 23.4. Counsel then candidly admitted, given these plain terms of the written Lease, that he knew of no legal authority for the proposition that the prior payments of $4,000 gave rise to an agreed modification of Wang Lee's rental obligations. Accordingly, the parties agreed that there was no need for further evidence, and no basis on which to conclude Wang Lee's post-petition obligations to pay rent are anything other than the amounts specified in the Lease.

Wang Lee indicated a desire to try to work out a post-petition arrangement with Turtle Bay, and the Court encouraged the parties to have discussions to see if any such agreements could be reached. Based on the foregoing, it is hereby

**ORDERED**, that Wang Lee's rental obligations under the Lease have not been modified by its prior payments of a lesser amount to Turtle Bay, and that Wang Lee's post-petition rental obligations are those stated in the parties' Lease; and it is further

**ORDERED**, that the parties' counsel shall appear at a conference on **February 23, 2023 at 10:00 a.m.**, to be conducted telephonically through Court Solutions, to inform the Court as to

the status of their discussions and as to whether they have been able to reach any agreement(s) regarding Wang Lee's post-petition occupancy and rent obligations.

Dated: New York, New York
February 16, 2023

**s/Michael E. Wiles**
Hon. Michael E. Wiles
United States Bankruptcy Judge